USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1379 JOSE VENTURA-RAMOS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Jose Ventura Ramos on brief pro se. __________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran __________________ ___________________ and Lawrence D. Gaynor, Assistant United States Attorneys, on brief __________________ for appellee. ____________________ November 30, 1994 ____________________ Per Curiam. Jose Ventura-Ramos appeals the district ___________ court's judgment denying his motion filed pursuant to 28 U.S.C. 2255. He presses none of the claims raised in the court below. At best, he has reconfigured one of those claims. In the district court, he claimed that he should have received a four level downward adjustment as a minimal participant in the offenses of conviction, U.S.S.G. 3B1.2(a) (Nov. 1991), and he received ineffective assistance by his trial counsel, who failed to ask for this adjustment. On appeal, he now claims that he should have received a two level downward adjustment as a minor participant, U.S.S.G. 3B1.2(b) (Nov. 1991), and he received ineffective assistance of counsel, not only from his trial counsel, who failed to ask for this adjustment, but also from his appellate counsel, who failed to raise this issue on his direct appeal. We affirm. We have repeatedly stated that we will not review claims not raised below. See, e.g., United States v. Lilly, 13 F.3d _________ _____________ _____ 15, 17-18 (1st Cir. 1994). Even were we to construe Ventura- Ramos' reconfigured claim as having been encompassed within the claim raised below, it avails appellant nothing. He alleges that he was a minor participant in the offenses of conviction based on his claims of mere presence and willingness to allow others to use his apartment to conduct the drug sale. Those claims are refuted by the evidence at trial concerning Ventura-Ramos' role in the offense, recounted in our opinion disposing of appellant's direct appeal, United States v. Ventura-Ramos, No. 92-1434, slip op. _____________ _____________ at 2-3 (1st Cir. Nov. 13, 1992 (unpublished per curiam), and by the statements of the district court at sentencing and in the course of disposing of the instant 2255 motion that Ventura-Ramos had a leadership role in the drug distribution conspiracy. No defendant is automatically entitled to a downward adjustment as a minor participant, even if the defendant ________ happens to be less culpable than his or her co-defendants - a claim Ventura-Ramos urges here but, as pointed out in the preceding paragraph, is refuted by the record. See United ___ ______ States v. Brandon, 17 F.3d 409, 460 (1st Cir.), cert. denied, ______ _______ ____________ 115 S. Ct. 80, 81 (1994). A district court's determination of a defendant's role in the offense is subject to the clearly erroneous standard. Id. There was no such error ___ here. Further, counsel's failure to raise meritless issues cannot constitute ineffective assistance of counsel. United ______ States v. Victoria, 876 F.2d 1009, 1013 (1st Cir. 1989). ______ ________ Affirmed. _________ -3-